# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1880.

---

### W. W. PHELPS v. JAMES D. EDWARDS.

1. LIEN FOR MACHINERY.—The act of November 17, 1871, secured to the vendor of machinery a lien for unpaid purchase-money, both on the machinery and on the land with which it is necessarily connected, on compliance with the terms of that act.

2. LIEN.—To hold that the lien of one who furnished machinery to another, which was necessary to make available his property on which it was erected, should be subordinated to the lien for the unpaid purchase-money for the land on which it is placed, (it not appearing that the machinery was such a fixture as a lessee would not have the right to remove,) would be in restraint of trade and against sound principles of equity.

APPEAL from Brazoria. Tried below before the Hon. William H. Burkhart.

Suit was brought March 30, 1878, by James D. Edwards against A. Ward and E. C. Dewey for a balance of $2,257, with eight per cent. interest per annum from August 10, 1877, due for certain machinery, known as a steam train, sold by plaintiff Edwards to Ward & Dewey on June 27, 1877, and placed in the sugar-house on the Lake Jackson plantation, in Brazoria county, Texas, operated by Ward & Dewey.

Plaintiff alleged that he had done what was requisite under the law to fix his mechanic's lien on the sugar-house and machinery therein on the Lake Jackson plantation and fifty acres of the adjacent land; that James A. Baker, W. B. Botts, Ira H. Evans, Galusha A. Grow, and William Walter Phelps claimed some interest in the Lake Jackson plantation, and

made them defendants. Plaintiff prayed for judgment against Ward & Dewey for his debt and interest, and for foreclosure of the mechanic's lien claimed in the petition, and an order for sale of the property on which the lien was claimed.

Baker, Botts, Evans, and Grow filed answers disclaiming any interest in the suit or plantation. Ward & Dewey made default.

The defendant, William Walter Phelps, filed a general demurrer to plaintiff's petition, and answered, denying all allegations in the plaintiff's petition, except as specially admitted in the answer.

He alleged that on the 29th of December, 1873, he owned the Lake Jackson plantation, and on that day sold it to defendants, Ward & Dewey; that they still owed him on the purchase-money four notes for $7,000 each, less a credit on one of the notes of $4,207.22, each note bearing eight per cent. interest per annum from May 10, 1877, up to which time the interest had been paid; that the notes were secured by deed of trust, executed by Ward & Dewey, on the plantation and improvements thereon, on December 29, 1873, which deed of trust was placed on record in the record of deeds and mortgages for Brazoria county long before the 27th of June, 1877, and that plaintiff had notice thereof when he sold the machinery to Ward & Dewey.

Defendant Phelps further alleged that if the plaintiff had ever sold and furnished to Ward & Dewey the machinery as alleged by plaintiff, the same was now a fixture on the Lake Jackson plantation; that the machinery was sold, if at all, by plaintiff to Ward & Dewey, and placed and erected by them on the Lake Jackson plantation, as fixtures, without the consent or knowledge of defendant.

The defendant Phelps prayed that in the event that the machinery, sugar-house, and fifty acres of land should be decreed to be sold to pay plaintiff's claim, that the sale be directed to be made subject to Phelps' deed of trust for the purchase-money.

On the trial in the court below, a jury was waived, and the court, after hearing the pleadings and evidence, dismissed the defendants who had disclaimed, and rendered judgment for plaintiff against Ward & Dewey for the amount of his debt and interest against all the defendants, and foreclosed the lien claimed by plaintiff on the steam train, and directed the same to be sold to pay plaintiff's debt.

Phelps brought the case up by writ of error.

The evidence showed that the steam train was sold and delivered by plaintiff to the defendants, Ward & Dewey, in June, 1877, and shortly thereafter was put up in the sugar-house on the plantation.

Defendant Phelps proved the sale and conveyance by him to Ward & Dewey, of the Lake Jackson plantation, on December 29, 1873, as alleged in Phelps' answer, and that Ward & Dewey still owed him a balance of about $30,000 for the plantation, for which notes had been executed by Ward & Dewey, as alleged in Phelps' answer, and that Phelps now held and owned the notes. It was also proven by defendant that, to secure the notes, Ward & Dewey had executed to Phelps a deed of trust on the plantation, as alleged in his answer, and that the deed of trust was recorded in Brazoria-county record of deeds and mortgages shortly after its execution, and before June, 1877.

Defendant Phelps also proved that there was and is a shed to the sugar-house on said plantation; that under this shed there is erected, within four feet of the sugar-house, a brick furnace, built from the ground up; that in this furnace, and fixed therein with brick and mortar, there is a large iron boiler; that these—the boiler and shed over it—were erected since or about the time of the purchase of the steam train, and were not connected with any of the machinery except the steam train; that on the side of this boiler there are iron flanges, being part of the boiler; that the steam train furnished by plaintiff, as above stated, consists of copper piping and copper pans, and the same is placed in said sugar-house.

Defendant Phelps also proved that the Lake Jackson plantation is a sugar plantation, and that said sugar-house and machinery, or other similar arrangement, are necessary to take off and prepare for shipment and market the sugar crops raised on the plantation.

*M. W. Garrett* and *Baker & Botts*, for plaintiff in error.—The machinery called a steam train, for the purchase-money of which plaintiff sued, was a fixture on the Lake Jackson plantation, and the lien of defendant Phelps thereon, under his deed of trust for the purchase-money of the plantation, was superior and prior to plaintiff's alleged lien, and should have been so held and adjudged by the court.

*A. P. McCormick,* for defendant in error.

Bonner, Associate Justice.—The statute under which Edwards, the defendant in error, claims a lien on the machinery furnished by him to Ward & Dewey, gives such lien both on the machinery furnished and on the land with which it is necessarily connected. (Paschal's Dig., art. 7112.)

The question does not necessarily arise in this case, as to what are the respective equities of a previous vendor of improved lands who retains his lien for the unpaid purchase-money thereon, and of another party who subsequently furnished material, machinery, or fixtures by which this property had been improved, and which was so connected therewith that they could not be severed without permanent injury to the freehold.

This judgment subjects the machinery only which was furnished by Edwards to be sold to satisfy his lien, and not the land and the improvements which were previously placed thereon.

The machinery thus furnished seems to have been necessary to the successful operation of the sugar-mill, purchased by Ward & Dewey from Phelps, plaintiff in error, and it does

not appear but what it was of that character of fixtures which a lessee would have a right to remove after the expiration of his lease; or but what Phelps still has the same security for his debt which he had at the time of his sale, and that consequently his rights are not affected.

To hold, in such a case as this, that the lien of one who furnishes machinery to another necessary to make available his property, should be subordinate to the lien for the unpaid purchase-money for this property, would, we think, be in restraint of trade and against sound principles of equity.

There being no apparent error in the judgment below, the same is affirmed.

AFFIRMED.

[Opinion delivered January 9, 1880.]